IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

DOUGLAS ALLARD,

                                        CAUSE NO. CV 06-39-M-JCL

        Plaintiff,

   vs.

                                      FINDINGS & RECOMMENDATION

DEBRA JEAN WESTERMAN,              OF UNITED STATES
UNITED STATES DEPARTMENT         MAGISTRATE JUDGE
OF THE INTERIOR - BUREAU OF
INDIAN AFFAIRS, and ALL OTHER
INTERESTED PARTIES, KNOWN OR UNKNOWN,

        Defendants.

_____

     This matter is before the Court on Defendant Debra Jean Westerman's (Westerman) Amended Motion to Dismiss. Westerman moves the Court to dismiss this case for lack of both personal jurisdiction and subject matter jurisdiction. She also argues dismissal is warranted pursuant to Rule 12(b)(6), Fed. R. Civ. P. due to Plaintiff's failure to state a claim upon which this Court can grant relief.

     For the reasons discussed below the action should be dismissed for lack of subject matter jurisdiction.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

## I.    BACKGROUND

The Plaintiff, Douglas Allard, brings this action in an effort to "quiet title" to real property located in Lake County, Montana, within the exterior boundaries of the Flathead Indian Reservation. Named as defendants are Westerman (Allard's former wife) and the Department of the Interior, an agency of the United States of America. For his Complaint Plaintiff alleges as follows:

At least as of 1986 Plaintiff and Westerman, as husband and wife, held an interest in real property in Lake County described in the Deed to Restricted Indian Land attached to the Complaint. Compl. at ¶ 1, Ex. A. Then they got divorced in 1990 and a Decree of Dissolution of Marriage was issued in state district court on February 21, 1990. Compl. at ¶ 3, Ex. B. As part of their dissolution and Property Settlement Agreement, Westerman agreed to convey her interest in the real property to Plaintiff in consideration of $40,000 which he agreed to pay her. Compl. at ¶ 5, Ex. C. Westerman has failed to convey her interest in the property as agreed. Compl. at ¶ 6.

For his relief Plaintiff requests, among other things, the Court quiet title to the subject real property in his name. He requests a judgment requiring Westerman to convey her interest in the property, and requiring the United States of America to recognize Plaintiff's interest and to accept documents necessary

to establish his interest and Westerman's conveyance. Compl. at p. 3.

## II. DISCUSSION

Plaintiff is required to make sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, (1994) (internal citations omitted). The Plaintiff also bears the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). The jurisdiction of the United States District Courts is generally limited to diversity of citizenship, 28 U.S.C. § 1332, a federal question, 28 U.S.C. § 1331, or cases in which the U.S. is a party, 28 U.S.C. §§ 1345 and 1346.

Plaintiff's Complaint contains very limited allegations of jurisdiction. The Complaint simply asserts the Defendant United States Department of the Interior, Bureau of Indian Affairs (BIA) holds the subject real property in trust for Plaintiff. Compl. at ¶ 2. Therefore, Plaintiff's Complaint alleges the United States is a necessary party to this action thereby giving this Court jurisdiction over this action. *Id*. at ¶ 4. The Court finds no other allegations of jurisdiction in the Complaint.

Having characterized the Complaint as a quiet title action, Plaintiff is apparently attempting to invoke jurisdiction under the Quiet Title Act (QTA) at 28 U.S.C. § 2409a, which would otherwise provide a basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1346(f).[1]  The QTA is the exclusive means to challenge the United States' title to real property.  *United States v. Mottaz*, 476 U.S. 834, 841 (1986).  "The QTA permits the United States to be named as a defendant in lawsuits seeking the adjudication of disputed title to land."  *Metropolitan Water District of Southern California v. U.S.*, 830 F.2d 139, 143 (9th Cir. 1987).  The QTA applies to cases seeking to quiet title to real property in the name of someone other than an Indian tribe.  *Id*. at 144.

When applicable, the QTA constitutes a waiver of the United States' sovereign immunity.  *See State v. Babbitt*, 75 F.3d 449, 451 (9th Cir. 1996).  However, the QTA contains an express exception to the waiver of immunity applicable to Indian lands which states as follows:

> The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.

---

[1] The Court notes 28 U.S.C. § 2410(a) does not apply to this case.  Section 2410(a) only permits an action against the United States with respect to real property "on which the United States has or claims a mortgage or other lien."  The United States' trust interest in the subject real property is not a mortgage or other lien interest.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

> *This section does not apply to trust or restricted Indian lands[.]*

28 U.S.C. § 2409a(a) (emphasis added).  Pursuant to this exception,

> [a]s long as the United States has a "colorable claim" to a property interest based on that property's status as trust or restricted Indian lands, the QTA renders the government immune from suit.

*State v. Babbitt*, 75 F.3d at 451-52.  Where the government has a trust interest in the disputed property, it has a "colorable claim" and the "trust or restricted Indian lands" exception to the waiver of sovereign immunity is applicable.  *Id*. at 452.  Where the Indian lands exception applies, sovereign immunity "prevents the district court from exercising jurisdiction." *Wildman v. U.S.*, 827 F.2d 1306, 1309 (9th Cir. 1987).  "[W]hen the United States claims an interest in real property based on that property's status as trust or restricted Indian lands, the Quiet Title Act does not waive the Government's immunity." *United States v. Mottaz*, 476 U.S. 834, 843 (1986).  *See also Metropolitan Water District of Southern California v. U.S.*, 830 F.2d 139, 143 (9th Cir. 1987).

  The Court concludes the Indian lands exception to the QTA's waiver of sovereign immunity necessarily applies in this case. Plaintiff alleges the BIA holds the subject real property in trust for Plaintiff.  Compl. at ¶¶ 2 and 4.  Pursuant to the legal authority set forth above, the property's status as Indian trust land invokes the exception, and the QTA does not waive the

federal government's immunity.  Absent a waiver of immunity, this Court lacks jurisdiction.

As noted above, the BIA's interest in the subject property, and its necessary involvement in this action, is the sole jurisdictional ground alleged in Plaintiff's Complaint.  Plaintiff is obligated to set for the basis for jurisdiction in the Complaint.  Fed. R. Civ. P. 8(a)(1).  For the reasons discussed above, the Court finds Plaintiff has failed to satisfy his burden of alleging and establishing federal jurisdiction over the subject matter of the Complaint.  Having failed to meet his burden, a district court may dismiss an action whenever it appears that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

Based on the foregoing, the Court hereby enters the following:

## RECOMMENDATION

Defendant Westerman's Amended Motion to Dismiss should be **GRANTED** and this action should be **DISMISSED** due to lack of jurisdiction.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on

opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 23rd day of June, 2006.

                                                /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge